
# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LUZ MARIA LUEZANOS,

        Plaintiff,                          Case No. 2:20-cv-00993-GJF-CG

vs.

WORLD WIDE TECHNOLOGY, LLC, AND
BG STAFFING, INC.,

        Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant World Wide Technology, LLC ("Defendant"), hereby answers Plaintiff's Complaint and Jury Demand ("Complaint"), removed to this Court on September 28, 2020, as follows:

### I.  PARTIES

1.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.

2.    Defendant admits that it is a foreign liability company and that it's designated registered agent is CT Corporation System.  Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 2 of the Complaint.

3.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

## II. JURISDICTION AND VENUE

4. Defendant admits that venue is proper in Dona Ana County, New Mexico, as Plaintiff performed services for Defendant in Dona Ana County, New Mexico. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 4 of the Complaint.

## III. ADMINISTRATIVE PREREQUISITES

5. In response to the allegations set forth in paragraph 5 of the Complaint, Defendant denies the allegations as set forth in paragraph 5.

## IV. FACTS

6. In response to the allegations set forth in paragraph 6 of the Complaint, Defendant admits that Plaintiff was hired by BG Staffing, Inc. and assigned to perform services for Defendant. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 6 of the Complaint.

7. In response to the allegations set forth in paragraph 7 of the Complaint, Defendant denies the allegations as set forth in Paragraph 7.

8. In response to the allegations set forth in paragraph 8 of the Complaint, Defendant denies the allegations as set forth in Paragraph 8.

## V. CAUSES OF ACTION

**Disability Discrimination and Retaliation**

9. In response to the allegations set forth in paragraph 9 of the Complaint, Defendant incorporates by reference its responses to the paragraphs 1 through 8 of the Complaint as though fully set forth herein. Defendant further denies the allegations as set forth in Paragraph 9 of the Complaint.

10. In response to the allegations set forth in paragraph 10 of the Complaint, Defendant

denies the allegations as set forth in Paragraph 10.

## VII.   DAMAGES

13.    Defendant states that the Complaint incorrectly skips from Roman numeral V to VII and from Paragraph 10 to Paragraph 13.  Accordingly, Defendant will respond to the Roman numeral sections and paragraphs of the Complaint as they are numbered therein.  In response to the allegation set forth in paragraph 13 of the Complaint, Defendant incorporates by reference its responses to the paragraphs 1 through 10 of the Complaint as though fully set forth herein.  Defendant further states that the allegations set forth in paragraph 13 require neither admission nor denial, but denies violating any laws that support a claim for relief by Plaintiff.

## VIII.   PRAYER

14.    In response to paragraph 14 of the Complaint, Defendant acknowledges that Plaintiff purports to seek a jury trial and judgment as described in that paragraph, but denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever in connection with her allegations and claims.

## AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims may be barred by the applicable statutes of limitation and the doctrine of laches.

3.    Plaintiff's statutory claims must be dismissed to the extent Plaintiff failed to exhaust her administrative remedies.

4.    All actions taken by Defendant or anyone acting on its behalf, if any, with respect to Plaintiff were just, fair, privileged, with good cause, without malice, and for lawful, legitimate, and nondiscriminatory business reasons.

      5.      Even assuming, *arguendo*, any of Defendant's employees engaged in any unlawful conduct toward Plaintiff, which Defendant denies, Defendant neither knew nor reasonably should have known of said unlawful conduct, did not authorize, ratify, or consent to any such unlawful conduct, and any and all such unlawful conduct was contrary to Defendant's express policies, was beyond the course and scope of that individual's employment and cannot be attributed to Defendant, and Defendant cannot be held liable for any such misconduct under the concept of respondent superior, nor is Defendant vicariously liable.

      6.      Plaintiff's claims are barred by Defendant's exercise of reasonable care to prevent and correct promptly any alleged discriminatory behavior, because Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm, and/or because Defendant took prompt, remedial action with regard to any alleged discrimination properly reported by Plaintiff.

      7.      Without admitting that Plaintiff engaged in any protected activity, to the extent she did engage in protected activity, there is no causal connection between the protected activity and any adverse action.

      8.      Plaintiff's claims are barred because, even if Plaintiff were able to prove that the actions of Defendant about which she complains were motivated by unlawful intent (which she cannot), Defendant would have taken the same actions irrespective of such alleged unlawful intent.

      9.      Defendant denies that Plaintiff is a qualified individual with a disability as defined by applicable law.

      10.      To the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendant had an obligation to reasonably accommodate such a

disability, no reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of her position.

11.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to engage in, or was responsible for the breakdown in or disruption of, the interactive process in good faith based upon the facts and circumstances known to the Plaintiff.

12.     Plaintiff has not suffered cognizable damages or other harm as a result of any act or omission of Defendant, and if any harm was in fact suffered by Plaintiff (which Defendant denies) including, but not limited to, emotional and/or mental distress, it was proximately caused by Plaintiff's own actions, and/or third parties over whom Defendant had no control, and not by any act or omission of Defendant, or anyone acting on its behalf.

13.     Some or all of Plaintiff's claims may be barred and her damages are limited by the doctrine of after-acquired evidence.

14.     Plaintiff has failed to mitigate her damages.

15.     The Complaint does not allege facts sufficient to state a claim for special, compensatory or punitive damages, and/or any other damages or relief sought.

16.     Plaintiff's claim for punitive damages is barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages and/or any award of punitive damages would be precluded by Defendant's good faith efforts to comply with all applicable laws.

17.     Defendant reserves the right to amend and/or modify its defenses and/or assert new and additional defenses as they become known through discovery or otherwise.

WHEREFORE, Defendant respectfully requests that the Court:

1.     Dismiss the Complaint with prejudice in its entirety and enter judgment in favor of Defendant;

2. Grant Plaintiff nothing from the Complaint;

3. Award Defendant its costs of suit incurred herein; and

4. Award Defendant any further relief the Court deems just and proper.

                                                Respectfully Submitted,

*s/ Charlotte Lamont*
Charlotte Lamont (N.M. Bar No.5647)
clamont@littler.com
LITTLER MENDELSON, P.C.
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9680 (Telephone)
505.944.9681 (Facsimile)

Nathaniel Higgins
nhiggins@littler.com
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010-3031
713.652.4738 (telephone)
713.951.9212 (facsimile)

ATTORNEYS FOR WORLD WIDE TECHNOLOGY, LLC

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants this 5th day of October, 2020:

Lisa A. Elizondo
Law Offices of Lisa A. Elizondo, PLLC
2504 Montana Avenue
El Paso, Texas 77993
*Attorneys for Plaintiff*


*/s/ Charlotte Lamont*
Charlotte Lamont


4818-9960-1357.1 087412.1008

- 7 -